# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| DAVID SHAWN BURNETT,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | CV 15-61-BU-BMM<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff David Burnett (Burnett) initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Acting Commissioner of Social Security (Commissioner), denying his application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

## **JURISDICTION**

The Court has jurisdiction under 42 U.S.C. § 405(g).

## **BACKGROUND**

Burnett alleges disability since February 10, 2010, due to post traumatic stress disorder, chronic migraines, degenerative disk disease, major depressive

disorder, and bilateral patellofemoral pain.  Burnett's claim was denied initially and on reconsideration.  Burnett appeared with counsel at an administrative hearing on March 10, 2015.  The administrative law judge (ALJ) determined that Burnett did not qualify for disability benefits under Title II of the Social Security Act.  The ALJ found that Burnett was capable of performing light work as a housekeeper or laundry worker, and sedentary work as a final assembler.  The Appeals Council denied Burnett's request for review, making the ALJ's decision the agency's final decision for purposes of judicial review.

The Court referred the case to United States Magistrate Judge Jeremiah C. Lynch for findings and recommendations.  Judge Lynch entered his findings and recommendation on August 11, 2016.  (Doc. 16).  Judge Lynch concluded that the Commissioner's decision should be affirmed because it was supported by substantial evidence and was free of legal error.  (Doc. 16 at 17).  Judge Lynch recommended that this Court deny Burnett's motion for summary judgment and enter judgment in favor of the Commissioner.  *Id*.  No objections were filed.

## STANDARD OF REVIEW

The Court reviews for clear error findings and recommendations to which no objections are filed. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

**DISCUSSION**

Burnett argued that the Commissioner's decision should be reversed because the ALJ erred: 1) by not giving proper weight to the opinions of treating physician Dr. Karen Cody and examining psychologist Dr. Michael Nash; 2) by not providing clear and convincing reasons for discrediting his testimony; and 3) by not giving proper weight to the 90% disability rating assigned to him by the Veterans Administration.

A. **Dr. Cody's Opinions**

Burnett's treating physician Dr. Karen Cody opined in September 2014: (1) that Burnett could sit for one hour, stand for 30 minutes, and walk for 30 to 60 minutes at a time, but could do none of those activities for more than three hours in an eight hour work day; (2) that Burnett would need to lie down frequently due to back pain; (3) that Burnett could only walk three blocks without a cane; and (4) that Burnett's concentration and cognition were impaired by chronic migraines. The ALJ gave Dr. Cody's opinions some weight, but rejected her opinions to the extent they were not supported by the objective medical evidence in the record.

An ALJ may discount the opinions of a treating physician so long as the ALJ provides "specific and legitimate reasons supported by substantial evidence in the record." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

The ALJ provided specific and legitimate reasons for discounting Dr. Cody's opinions. The ALJ noted that Burnett's "physical examinations regularly showed no significant physical objective findings." (AR 33). Physical examinations performed by Dr. Cody in April 2011 and September 2014 were unremarkable. (AR 580-83, 1174-75). And, an MRI ordered by Dr. Cody in March 2011 showed only "mild multilevel degenerative disc disease." (AR 448-49). No legal error occurred.

B. **Dr. Nash's Opinions**

Burnett was examined by psychologists Dr. Michael Nash and Dr. Mark Mozer. Dr. Mozer examined Burnett in December 2013. Dr. Mozer found that while Burnett may be suffering from PTSD, he would likely be capable of "gainful activity" so long as he avoided "stressful positions." (AR 1064-65). Dr. Mozer found that the stressor which Burnett identified as the cause of his PTSD "to be highly questionable [and] frankly incredible." (AR 1064). The ALJ found that Dr. Mozer's opinions were consistent with the objective medical findings in the record. (AR 34). The ALJ gave substantial weight to Dr. Mozer's opinions.

Dr. Nash examined Burnett approximately five months later. Dr. Nash conducted a mental status exam and memory testing. (AR 1069). Dr. Nash found that Burnett's memory functions were essentially intact and in the average range.

4

(AR 1073). Dr. Nash nevertheless opined that Burnett's ability to work was more limited.

The ALJ accounted for some of the limitations described by Dr. Nash by limiting Burnett to unskilled light work, with no more than occasional interaction with others and only occasional changes to the typical work setting. (AR 27). The ALJ otherwise gave little weight to Dr. Nash's opinions. The ALJ discounted Dr. Nash's opinions because they were based in large part on Burnett's alleged symptoms, which the ALJ found to be inconsistent with Burnett's daily activities.

The ALJ weighed reasonably the medical opinions of Dr. Mozer and Dr. Nash. The ALJ provided specific and legitimate reasons for giving less weight to Dr. Nash's opinions and more weight to the opinions of Dr. Mozer. No legal error occurred.

### C. <u>Burnett's Testimony</u>

The ALJ determined that Burnett's testimony regarding his disabling pain and his inability to work to be only partially credible. The ALJ discounted Burnett's allegations of disabling pain and work limitations because: (1) his daily activities suggested that he was not as impaired as he alleged; (2) his allegations were not supported by the objective medical evidence in the record; (3) his course of medical treatment had been relatively conservative; and (4) he had reported to

one of his doctors in December 2010 that he did want to work because he "did not want his ex-wife getting any more support from him" and he "wished he was able to work without her getting anything." (AR 623). The ALJ provided clear and convincing reasons for discounting Burnett's credibility. The ALJ did not err in discounting Burnett's testimony.

### D. <u>Disability Rating by Veterans Administration</u>

The Veterans Administration (VA) has determined that Burnett is 90% disabled due to his physical and mental service related impairments. The ALJ acknowledged the VA's disability determination, but did not give it significant weight. The ALJ discounted the VA's disability determination because it was not consistent with Burnett's daily living activities, and it was not supported by the objective medical evidence. (AR 32). Burnett claims that the ALJ erred by not giving more weight to the VA's disability rating.

An ALJ must consider a VA disability rating in reaching his decision. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); *Valentine v. Commissioner Social Security Administration*, 574 F.3d 685, 694-695 (9th Cir. 2009). An ALJ must "ordinarily give great weight to a VA determination of disability." *McCarty*, 298 F.3d at 1076. An ALJ may, however, "give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*.

The ALJ reviewed, considered and weighed the medical evidence on which the VA's disability rating was based. The ALJ provided persuasive, specific and valid reasons for giving the VA rating little weight. The ALJ discounted the VA rating because VA medical records showed that Burnett's physical examinations were relatively normal, Burnett's mental status examinations were relatively benign, and the VA's disability rating was not consistent with Burnett's daily activities. The ALJ's determination was based on substantial evidence.

## CONCLUSION

The Court agrees with Judge Lynch that substantial evidence supports the ALJ's determination. The ALJ's determination was not based on legal error. I find no error in Judge Lynch's Findings and Recommendations and adopt them in full.

## ORDER

1. Plaintiff's Motion for Summary Judgment (Doc. 11) is DENIED.

2. The Commissioner's decision is AFFIRMED.

3. This case is DISMISSED with prejudice.

4. The Clerk is directed to enter judgment in favor of the Defendant.

DATED this 20th day of October, 2016.

Brian Morris
United States District Court Judge